65 529
81 313
65 529
82 68

## HEIRS OF E. RYON, DECEASED, v. J. RUST, ADM'R.

(Case No. 2228)

1. TRANSFER OF SUITS FROM DISTRICT COURTS TO COUNTY COURTS—ORDER OF COURT OR JUDGE NOT NECESSARY—ACT OF JUNE 16, 1876—Under the act of June 16, 1876,

providing for the transfer of such suits pending in the district courts as were within the jurisdiction of the county courts, no order of any court or judge was necessary to effect the transfer of such a cause from the district court to the county court; for the legislature had accomplished that by its own act. Immediately upon the act's taking effect, every cause, of which the county courts had exclusive jurisdiction, and which was pending in a district court of the state, became a suit in the proper county court, and the formalities of erasing it from the docket of the one court and entering it upon the docket of the other were but ministerial acts for the proper clerks to perform.

2. SAME—DUTY OF DISTRICT JUDGE—ORDER TRANSFERRING NOT A JURISDICTIONAL FACT.— Upon the act's taking effect, it became the duty of the district judge to order the clerk of his court to forward the papers in such suits, with a transcript of the proceedings had, to the county court. But this order was not a jurisdictional fact necessary to give the county court cognizance of the cause, and if the district judge neglected to make it, such neglect would be a mere irregularity, which would be waived by a failure to object to it in the county court.

3. SAME—ORDER OF TRANSFER PRESUMED, WHEN—In the absence, however, of proof to the contrary, if the papers in the case were actually transmitted to the county court, it will be presumed that the district judge did his duty, and made the order; and the fact that no such order was entered of record would not be sufficient proof that it had never been made.

4. PRACTICE—CONCLUSIONS OF FACT AND OF LAW—The fact that the trial judge has included in his findings of fact some conclusion of law does not vitiate his whole statement.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

This suit was brought by J. Rust, as administrator of the estate of F. G. Franks, against E. Ryon, in 1874, in the district court of Fort Bend county, on a promissory note for $500. E. Ryon subsequently died, and J. W. Ryon, E. D. Ryon and J. B. Ryon, his heirs, were made defendants. In 1876 the cause was stricken from the docket of the district court, and all the papers relating thereto forwarded by the clerk of that court to the county court of Fort Bend county, in which latter court the cause was docketed some time in July of the same year. In 1882, the cause, after being continued from term to term in the county court, was, because of the disqualification of the judge of that court, re-transferred to the district court.

The record is silent as to whether or not the district court, or the judge thereof, made an order in the cause, directing its transfer to the county court, and it does not appear that the defendants ever objected to the county court's taking cognizance of the cause, on the ground that no such order had been made.

The defendants pleaded want of consideration, want of authority in the plaintiff to sue on the note, non-joinder of parties, general denial, and other matters not necessary to mention.

The cause was tried in the district court, April 4, 1885, without a

jury, and resulted in a judgment for the plaintiff for $1,062.50.   Defendants appealed, assigning the following errors:

1. The court erred in rendering judgment for the plaintiff, because the suit was for a note for $500, exclusive of interest and costs, was filed originally in the district court, and was never transferred from that court to the county court; and the county court having no jurisdiction, could not confer jurisdiction upon the district court by transferring it back there, and the district court was, therefore, without any jurisdiction of the subject-matter.

2. The court failed to make out, as requested, his conclusions of law and fact, separately, as required by law, but his statement, as made, blends the law and fact in such a manner as to render the whole unintelligible.

The trial judge, at the request of the defendants, filed his conclusions of law and of fact, but it is not thought necessary to include them in this statement.

*W. L. Davidson*, for appellants, on the questions discussed in the opinion, cited:   Const., secs. 8, 16 ; Flynn *v.* Lynch, Galveston term, 1881; Jones *v.* Breedlove, Galveston term, 1884.

*P. E. Peareson*, for appellee, on the questions discussed in the opinion, cited:   Laws of 1876, 19; Const. of 1876, art. 5, sec. 27; Life Ins. Co. *v.* Ray, 50 Tex. 516, 517; County of Galveston *v.* Noble, 56 Tex. 576, 577; Freeman on Judg., sec. 126; 6 Wait's Acts. and Def. 394 ; Thomas *v.* Coly et als., Tex. Law Rev., p. 688 ; Pacific Express Co. *v.* Williams, Tex. Law Rev., p. 612; Cont. Ins. Co. *v.* Milliken, Tex. Law Rev., p. 268.

WILLIE, CHIEF JUSTICE.—The constitution of 1876 directed the legislature to provide for the transfer of such suits pending in the district courts as were within the jurisdiction of county courts.   Art. 5, sec. 27.   In obedience to this mandate of the constitution, the act of June 16, 1876, was passed, which declared that all such suits "be and they are hereby transferred to the proper county courts."   To accomplish the transfer of the cause from the docket of the district to that of the county court, no order of any court or judge was required. That was accomplished by the act itself.   Immediately upon its taking effect, every cause of which the county courts had exclusive jurisdiction, and which was pending in any one of the district courts of the state, became a suit in the proper county court.   The formality of entering it upon the docket of the one and erasing it from the

docket of the other was a ministerial act for the appropriate clerk to perform. It then became the duty of the district judge to order his clerk to forward the papers in such suits, with a transcript of the proceedings had, to the county court. There was no provision that this order should be entered upon the minutes of the court, and it was one that could be made in vacation. In the absence of proof to the contrary, if the papers were actually transmitted to the county court, it would be presumed that the judge had done his duty and made the order. The fact that no such order was entered of record would not be sufficient to show that it had never been made.

The order was not essential to the transfer, as the legislature had accomplished that by its own act. It was not, therefore, a jurisdictional fact necessary to give the county court cognizance of the cause. If not made by the judge, it would be a mere irregularity, which would be waived by a failure to object to it in the county court, and there was no exception taken by the appellant in that court as to the manner in which the case, and the papers pertaining to it, reached there. We think the county court acquired jurisdiction of the cause, and it was afterwards returned to the district court in a manner and for a reason provided by the constitution, and there was nothing in the question of jurisdiction, raised for the first time in the district court upon its return to that court.

There was no bill of exceptions taken to the manner in which the court stated its conclusions of law and fact. If there had been, the exceptions would have been frivolous. The findings of fact were properly separated from those of law. If it should happen that some legal conclusion should be included in the findings of fact, it certainly would not vitiate the whole statement of the judge.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 23, 1886.]